Omar I. Habbas, SBN 126629
Tarik R. Habbas, SBN 314794
HABBAS, NASSERI & ASSOCIATES
675 N. 1st Street, #1000
San Jose, CA 95112
Phone:    408.278.0480
Fax:       408.278.0488
Email:     thabbas@habbaslaw.com

Lori J. Costanzo, SBN 142633
Chelsea Hill, SBN 328066
COSTANZO LAW FIRM
111 West St. John Street, #700
San Jose, CA 95113
Phone:    408.993.8493
Fax:       408.993.8496
Email:     Lori@costanzo-law.com

Ignascio G. Camarena II, SBN 220582
CAMARENA LAW OFFICE, A.P.C.
111 N. Market Street, Suite 300
San Jose, CA 95113
Phone:    408.418.7180
Fax:       408.516.9653
Email:     igc@camarenalawoffice.com

Attorneys for Plaintiff Daniel Gunther
on behalf of himself and the classes of all other similarly
situated and aggrieved current and former employees

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| DANIEL GUNTHER, on behalf of himself and the classes of all other similarly situated and aggrieved current and former employees,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY SERVICES, LLC, a Delaware Corporation; and DOES 1 through 100. Inclusive,<br><br>Defendants, | **CASE NO.**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR UNPAID WAGES AND PENALTIES ARISING FROM VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, CALIFORNIA LABOR CODE, AND UNFAIR BUSINESS PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Daniel Gunther (hereinafter referred to as "Plaintiff') hereby submits his Complaint against AT&T Mobility Services, LLC, a Delaware Corporation, and Does 1-100 on behalf of himself and the class of all other similarly situated and aggrieved current and former employees of Defendants as follows:

## INTRODUCTION

1.     This Complaint challenges the systematic and illegal employment practices of Defendants AT&T MOBILITY SERVICES, LLC and DOES 1 through 100, inclusive (hereinafter "Defendants") in violation of the California Labor Code, Business and Professions Code, Fair Labor Standards Act ("FLSA") at 29 U.S.C. 216(B), and applicable Industrial Welfare Commission wage orders against its current and former employees.

2.     Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard of the rights of all employees in, among other things, failing to pay overtime wages due, failing to pay wages in a timely fashion, including failure to provide meal and rest breaks and failure to pay employees at the end of their employment, misclassifying employees so as to avoid payment of wages, and failing to provide sufficient payroll details and failure to keep statutorily required payroll records.

3.     Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things, a system of willful violations of the Fair Labor Standards Act, 29 U.S.C. 216 (B), California Labor Code, Business and Professions Code, and applicable IWC wage orders, including, but not limited to, Labor Code sections 203, 221, 222.5, 223, 226.8, 226.3, 226.7, 400-410, 450, 510, 512, 1182, 1174, 1194, 1197, and 1197.1; California Code of Regulations, Title 8 section 11090, subsections 7, 11-12; California Wage Order No. 1-2001 (8 Cal. Code Reg., section 11090); and Industrial Wage Commission Wage (hereinafter "IWC") Order No. 4. Specifically, Plaintiff challenges Defendants' acts of creating and maintaining policies, practices and customs of: (1)  misclassifying Plaintiff, the Class and Sub-Classes as exempt outside sales representatives or managers; (2) denying Plaintiff, the Class and Sub-Classes full compensation for all hours worked; (4) failing to pay Plaintiff, the Class and Sub-Classes overtime and double time;

(5) failing to provide Plaintiff, the Class, and Sub-Classes with accurate, itemized wage statements; (6) failing to provide Plaintiff, the Class, and Sub-Classes with meal and rest breaks; and (7) failing to timely pay Plaintiffs, the Class, and Sub-Classes full wages upon termination or resignation. Plaintiff seeks compensation, damages, penalties and interest to the full extent permitted by the Labor Code and IWC Wage Orders.

4. The policies, practices and customs of Defendants described above and below have resulted in the unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the Business and Professions Code.

## JURISDICTION AND VENUE

5. This action is within the Court's jurisdiction as it arises out of a question of federal law, namely the Fair Labor Standards Act, 29 U.S.C. section 216(B).

6. Venue is appropriate in this Court pursuant to 18 U.S.C. section 1391(b)(2) because, on information and belief, and at all times relevant, Defendants operate and are doing business throughout the State of California, including Santa Clara County where Plaintiff was employed.

7. The unlawful acts alleged herein have a direct effect on Plaintiff and other employees similarly situated within the State of California. Plaintiff and the Class Members have suffered damages and they will continue to suffer the same harm as a result of Defendants', and each Defendant's, wrongful conduct unless the relief requested herein is granted.

## PARTIES

8. Plaintiff is informed and believes and based thereon alleges that Defendant AT&T MOBILITY SERVICES, LLC is a Delaware limited liability company with its principal place of business in Georgia, which regularly does business throughout the State of California. Plaintiff is informed and believes and thereon alleges that Defendants, at all times herein mentioned, were and are doing business in the County of Santa Clara, State of California.

9. Plaintiff Daniel Gunther is, and at relevant times herein was, a resident of the County of Santa Clara, California. Plaintiff was at all relevant times employed as an In-Home-

Expert ("IHX") by Defendants. Plaintiff, at all times relevant, worked in Santa Clara County, California from approximately April 23, 2018 through approximately December 20, 2019.

10.     Although Plaintiff and other similarly situated and aggrieved employees were classified as exempt outside sales representatives or management employees with the title of In-Home-Experts, the primary activity of Plaintiff and other similarly situated and aggrieved employees provided "white-glove" customer service after a completed initial sale by a different employee with an incidental objective to discover any opportunity to up-sell services or products to an existing or newly obtained customer.  Therefore, more than half of the In-Home-Expert's work time was spent on customer service incidental to a previous sale rather than direct sales related activity, as further alleged below.  Moreover, Plaintiff and the Class and Sub-Class members were subject to substantial control by Defendants over their wages, hours and working conditions as follows: (a) manipulation of goal driven bonus/commission incentive targets to avoid paying earned wages; (b) mandatory daily conference calls at regularly scheduled times; (c) appointment-to-appointment dispatch to customer locations coinciding with technician installs of previously purchased services and products; (d) strict monitoring and discipline imposed for not keeping up with customer appointments dictated to last no more than 45 minutes per dispatched location in a timely fashion through the use of GPS trackers on their company issued vehicles; (e) monthly deductions that varied arbitrarily between approximately $85 and approximately $135 or more from their wages as reimbursement for the use of company vehicles; (f) requiring hours of monthly training seminars and videos to be performed on employee personal time to avoid loss of regular annual pay increases; and (g) assignment of a specific work location upon hire.

11.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names. Plaintiff prays for leave to amend this Complaint when the true names and capacities of said Doe Defendants become known to Plaintiff. Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein, and proximately caused Plaintiff, as well as

members of the Class and Sub-Classes and members of the general public, damages as more specifically identified below.

12.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and, furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency.

13.    Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venture of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

14.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acted within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

15.    Plaintiff is further informed and believes and based thereon alleges, at all times herein material, each of the Defendants were completely dominated and controlled by its Co-Defendants, and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendants or Co-Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective agency or employment.

16.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times

herein mentioned, Defendants, and each of them, ratified each and every act or omission

complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and

abetted the acts and omissions of each and all of the other Defendants in proximately causing the

damages as herein alleged.

## FACTUAL ALLEGATIONS

17.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

18.     Plaintiff alleges the following factual allegations which are typical and

representative of the Class and Sub-Class Members.

19.     Plaintiff Daniel Gunther was offered the position of In-Home-Expert by defendant

AT&T Mobility Services, LLC on March 28, 2018 with a start date of April 23, 2018.  Plaintiff was

directed to report to Mr. Joshua Kim and assigned a work location of 904 Blossom Hill, San Jose,

California 95123.  His base salary started at $48,000.00 per year minus deductions and required

withholdings.  He was misclassified as an exempt employee.  Plaintiff was provided an annualized

target incentive of $20,000 minus deductions and required withholdings, which was to be paid

according to the applicable Management Sales Compensation Plan.  Plaintiff was also promised 18

days of annual paid time off (PTO).

20.     Plaintiff reported as directed on April 23, 2018 to his manager Joshua Kim at his

Blossom Hill work location.

21.     From the beginning, Plaintiff was not allowed to keep his own work hours contrary

to what is customary with a truly exempt outside sales representative.  Instead he was directed to

start at 8 a.m. each day and expected to end appointments by 5:00 p.m. even though maintaining

such a schedule was impossible.   Each morning Plaintiff was required to start his workday with a

mandatory conference call and activate his route dispatch system known as OFC and/or GANT to

receive dispatches at 8:00 a.m.  He was expected to arrive at his first dispatched location at 8:30

a.m. but often directed to schedule appointments after 3:00 p.m. when customers arrived home from

work.  With the close of each appointment he would be required to report electronically as to

whether the "White Glove Service" was delivered with or without a sale having been made.

22.    During a typical in-home customer appointment, Plaintiff joined/trailed technicians installing previously purchased services or products.  Incidental to these previous sales, Plaintiff spent a considerable amount of time with the following customer service oriented tasks: going over the order; explaining the billing, proration charges, and service and performance expectations; answering customer questions; addressing service issues; loading the MyATT application onto customer personal devices; registering customers through the MyATT application; demonstrating how to use the application as well as how to use the SmartHomeManager application to manage their internet service; testing their WiFi performance and setting up guest WiFi access; viewing and analyzing gigabit usage.  All of these customer service oriented tasks comprised more than 50% of each appointment.

23.    Only after his primary service duties were completed could Plaintiff identify and develop a sales lead if the customer demonstrated a need, such as an old, broken, or lost cell phone or readiness to change service providers, which account for last less than 50% of the time spent at each appointment.

24.    Defendants allotted 45 minutes per appointment for Plaintiff to complete the "White Glove Service" by identifying and closing an up-sale.  In reality, appointments lasted far longer than 45 minutes, sometimes over two hours and most of the time spent required concentration on providing the service rather direct sales efforts.

25.    At the encouragement of Defendants' management, so that customers would be more likely to reach out to Plaintiff for new sales, Plaintiff would often go days without a sale.  He would instead be required to provide customer service to existing customers, such as fielding product and service questions, handling customer complaints about service and products, rewriting and correcting technician orders of wireless and wired television boxes to resolve customer issues and complaints, assisting the technicians in rewriting customer orders, changing customer install internet speed upon customer request, switching television packages upon customer request, advising customers on how to reduce their monthly bill by switching plans and/or disconnecting old or unused devices. Defendants also required Plaintiff to handle billing and credit issues for each

customer, which included calling into to the RST (phone support) system to lodge new events regarding customer needs and constantly follow up on those needs until they were resolved.

26.    Additionally, plaintiff was required to attend training seminars, company outings and watch training videos on his personal time to be eligible for an annual wage increase.

27.    On average, Plaintiff worked 12 to 15 hours per day, 6 days a week, solely for his base compensation while trying to achieve the constantly moving sales incentive target.

28.    In order to perform his job duties, Defendants provided Plaintiff with a company vehicle tracked by a GPS system to ensure that it was not driven for personal use.  Defendants threatened to impose discipline upon Plaintiff if he drove the company vehicle for personal use. Despite never using the vehicle for personal use, Defendants arbitrarily deducted between approximately $85 to $135 or more, per month, from his paycheck.  Plaintiff, based on information and belief, never signed a written payroll deduction agreement authorizing this deduction let alone multiple agreements for each change of the amount deducted.

## CLASS ALLEGATIONS

29.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

30.    The FLSA Collective Class: Plaintiffs bring claims for violation of the FLSA, as a statewide "opt-in" collective action pursuant to 29 U.S.C. Section 216(b), individually and on behalf of the following class of persons ("the FLSA Class"):

> All current and former employees classified as exempt who served as In-Home-Experts for Defendants in California at any time during the last three years, plus any applicable tolling period.

30.    The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. Section 216(b) and who have previously filed consent to join forms in any transferred actions.

31.    Plaintiffs, individually and on behalf of other similarly situated employees seek relief on a collective basis challenging among other FLSA violations, Defendants' practice of failing to accurately pay employees for all hours worked, including overtime compensation, misclassifying In-Home-Experts, and failing to properly calculate and pay overtime compensation

that was recorded. The number and identity of other Plaintiffs yet to opt in and consent to be party Plaintiffs may be determined from Defendants' records, and potential class members may easily and quickly be notified of the pendency of this action.

32.    Plaintiffs additionally bring claims for violation of California Law as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), individually and on behalf of the following class of persons (the "California Class") brings this action on behalf of the following class:

> All persons who have been, or currently are, employed by Defendants
> and who performed service for more than 8 hours in a single work
> day or 40 hours in a single work week in California for Defendants as
> an In-Home-Expert during the Class Period.  This definition includes
> any and all prior job titles assigned to this position during the
> Class Period.

33.    The California Class seeks unpaid wages and overtime hours worked, penalties, equitable relief, interest, and reasonable attorneys' fees and costs, for failure to comply with applicable sections of the California Labor Code, Industrial Welfare Commission Wage Order No. 4 ("Wage Order"), California Business and Professions Code §§ 17200, et seq., and California Code of Civil Procedure § 1021.5.

34.    This action is also brought by Plaintiffs on behalf of a sub-class, as follows (the "California Company Vehicle Payroll Deduction Subclass"):

> All Class Members who were issued a company vehicle then charged
> by Defendants for use of that vehicle to carry out their duties by
> payroll deduction during the Class Period.  (collectively, the
> California Company Vehicle Sub-Class Members").

35.    This action is also brought by Plaintiffs on behalf of a sub-class, as follows (the "California Waiting Time Penalty Subclass"):

> All Class Members whose employment ended at any time during the
> Class Period and who suffered unpaid regular or overtime wages

(collectively, the California Waiting Time Penalty Sub-Class Members").

36.     The California Sub-Class Members seek waiting time penalties of up to thirty (30) days wages each, pursuant to California Labor Code § 203, due to Defendants' failure to pay all wages due and owing at the time of termination of the employment relationship.

37.     Under California Business and Professions Code §§ 17200, et seq. ("Unfair Practices Act"), and pursuant to both the class action and representative action procedures provided for in these statutes, Plaintiffs, on behalf of themselves and the proposed Class Members, also seek restitution of all benefits Defendants have received from its unlawful actions as alleged herein.

38.     During Plaintiff's and California Class Members' employment with Defendants, Defendants did not pay Plaintiff and members of the Class for all regular and overtime hours worked.

39.     During Plaintiff's and California Class Members' employment with Defendants, Defendants unlawfully deducted from In-Home-Experts' monthly pay for use of Defendants' vehicles to carry out their duties during the course and scope of their employment, in violation of California Labor Code sections 221 and 224.

40.     Defendants failed to keep accurate records of the hours worked by Plaintiffs and members of the Class, or of the amount of wages due to them. Plaintiffs were and are victims of the policies, practices and customs of Defendants complained of in this action because they have been deprived of the rights guaranteed by California Labor Code sections 201-204, 226, 226.7, 510, 512, 1194, 1194.2, 1197.1, 1198 and 1199, and California Business and Professions Code section 17200, et seq. (Unfair Practices Act).

41.     As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code sections 201-204, 226, 226.7, 227.3, 1194, 1194.2 and 2802, and California Business and Professions Code sections 17200, et seq. (Unfair Practices Act).  Claims are Brought on Behalf of a Statewide Class based on Misclassification of Employees.

42.     Plaintiff alleges violations on behalf of all current, former and future In-Home-Expert employees who worked for AT&T at any time during the applicable liability period including without limitation, the following job titles: In-Home-Expert.

This action is brought, and may properly be maintained, as a Class Action under Fed. R. Civ. P. §23 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

The proposed Class(es) meets the requirements for certification pursuant to Federal Rule of Civil Procedure 23(a), as well as subsections (b)(3) and (c)(4), as described below.

**Numerosity and Impracticability of Joinder**

43.     On information and belief, the Class(es) consists of thousands of former, current and future employees, too numerous to make joinder practicable. The identity of the members of the Classes are readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believe and based thereon allege that: (a) Class and Sub-Class Members regularly were denied payment of all regular and overtime wages due and denied payment of overtime wages at the proper rate of overtime pay; (b) Class and Sub-Class Members were not paid all wages in a timely fashion, including all wages at the end of employment based on Defendants' own records; and (c) Defendants did not maintain accurate records and provide accurate wage statements to Class and Sub-Class Members, pursuant to California Labor Code section 226. Based on information and belief, there are more than 3000 persons who are potentially Classes Members.

44.     The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Classes defined above with whom he has a well-defined community of interests and typicality of claims as demonstrated herein. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Classes and the representative Plaintiff. Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts. Further, Plaintiffs' counsel is competent and experienced in litigation class actions involving California Business and Professions Code section 17200, et seq.

45.     Defendants uniformly administered corporate policies and practices that failed to pay all earned regular and overtime wages, and all wages owed, and that uniformly paid their employees late wages. Plaintiffs are informed and believe and based thereon alleges that this corporate conduct was accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by California Class Members.

46.     Plaintiffs are informed and believes and based thereon alleges that Defendants, in violation of California Labor Code 201 through 203, had a consistent and uniform policy, procedure and practice of willfully failing to pay Plaintiff and California Waiting Time Penalty Sub-Class Members all wages due them upon termination. Plaintiff and other Class Members did not secret or absent themselves from Defendants, nor refuse to accept the earned and unpaid wages from Defendants upon termination. Accordingly, Defendants are liable for waiting time compensation for the unpaid wages to the California Waiting Time Penalty Sub-Class Members pursuant to California Labor Code section 203.

47.     In addition, Defendants uniformly administered a corporate policy, procedure and practice of not maintaining accurate records, and failing to provide true and accurate wage statements, as required by California Labor Code section 226.

48.     Plaintiffs are informed and believes and based thereon alleges that the foregoing conduct was accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions and defraud employees of their true earned wages.

49.     As a pattern and practice and matter of corporate policy, in violation of the aforementioned labor laws, Defendants committed unfair practices based on the claims alleged in the preceding paragraphs.

**Common Questions of Law and Fact**

50.     The prosecution of the Class' claims requires the adjudication of numerous questions of law and fact common to Plaintiff Gunther's individual claims and those of the Class.  The common questions of law and fact common to Plaintiff Gunther's individual claims and those of the Class and Sub-Class Members include, *inter alia*, the following:

a) Plaintiff, Class and Sub-Class Members are non-exempt employees under applicable law;

b) Plaintiff, Class and Sub-Class Members are entitled to overtime pay;

c) Plaintiff, Class and Sub-Class Members are entitled to back pay deducted for use of company vehicles to carry out their duties during the course and scope of their employment;

d) Plaintiff, Class and Sub-Class Members were denied payment of wages for regular hours worked;

e) Defendants failed to timely pay all wages as required under California;

f) Plaintiff, Class and Sub-Class Members are owed waiting time penalties;

g) Defendants failed to maintain accurate time records of hours worked by Plaintiff, Class Members and Sub-Class Members and failed to provide accurate wage statements that comply with California Labor Code section 226; and

h) Defendants' employment practices towards Plaintiff, Class and Sub-Class Members were unfair under California Business and Professions Code section 17200, et seq.

**Typicality**

51.     The claims of Plaintiff Gunther are typical of the claims of all members of the Class and/or Sub Classes. Plaintiff is a member of the Class and has suffered harm as a result of the violations of the FLSA, Wage Order and California Labor Code alleged herein, including but not limited to California Labor Code sections 201-204, 226, 226.7, 227.3, 1194, and 1194.2.  Like the members of the California Class, Plaintiff Gunther was an employee of, and worked as an In-Home-Expert, for the Defendants during the liability period.

**Adequacy of Representation**

52.     Plaintiff Gunther's interests are co-extensive with those of the members of the Classes. Plaintiff seeks to remedy Defendants' unlawful employment policies, procedures and practices so that misclassified employees will no longer be subject to wage theft and other

egregious measures taken by Defendants. Plaintiff Gunther is willing and able to represent the Class fairly and vigorously as he pursues his individual claims in this action.

53.    Plaintiff Gunther has retained counsel who are qualified, experienced, and able to conduct this litigation and to meet the time and fiscal demands required to litigate an employment class action of this size and complexity. The combined interests, experience, and resources of Plaintiff's counsel to litigate competently the individual and class claims at issue in this case satisfy the adequacy of representation requirement.

### Requirements of Rule 23(b)(3)

54.    The common issues of fact and law affecting the claims of Plaintiff Gunther and the Statewide Class members predominate over any issues affecting only individual claims. The FLSA, Wage Order, and the California Labor Code upon which Plaintiff bases these claims contain provisions that are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power by establishing onerous terms and conditions of employment.

55.    The nature of this action and the format of laws available to Plaintiff and members of the Classes identified herein make the Class Action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Plaintiffs with their vastly superior financial and legal resources. Requiring each Classes Member to pursue an individual remedy would also discourage the assertion of lawful claims by current employees for fear of retaliation, and even by former employees, for fear of retaliation within the industry.

56.    The prosecution of separate actions by the individual Classes Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Classes Members against the Defendants, which would establish potentially

incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Classes Members which would, as a practical matter, be dispositive of the interests of the other Classes Members not parties to the adjudications, or which would substantially impair or impede the ability of the Classes Members to protect their interests.  Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

57.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the Classes identified herein, in a civil action, for the unpaid balance of the full amount of unpaid wages, overtime and vacation wages, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code sections 218.6, 226, 226.7, 227.3, & 1194, and 1194.2, California Code of Civil Procedure sections 1021.5, and applicable IWC wage orders.

58.     Proof of a common business practice or factual pattern, which the named Plaintiff experienced and are representative of, will establish the right of each of the Classes Members to recovery on the causes of action alleged herein.

59.     The Classes Members are commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Classes Members are commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire Classes and will result in the creation of a common fund.

60.     Defendants have engaged in a common, unlawful practice in its misclassification as outside sales representatives of its California In-Home-Experts such that injunctive relief pursuant to Fed. R. Civ. P. 23 is further appropriate to finally stop Defendants illegal practices.

## CAUSES OF ACTION

***First Cause of Action***
**Unpaid Overtime Wages**
**(Cal. Labor Code sections 510, 1194, 1198, IWC Wager Order No. 9)**
**By Plaintiff and California Class Members Against Defendants**

61.     Plaintiff hereby incorporates all forgoing allegations set forth in Paragraphs 1 through 60 above by this reference as if set forth verbatim.

62.     This action is brought, in part, pursuant to the Wage Order and *California Labor Code* §§ 510, 1194 and 1198.

63.     Plaintiff and Class Members performed work for Defendants as alleged above.

64.     Plaintiff and Class Members worked overtime hours within the last three years of filing of this lawsuit.

65.     Pursuant to the Wage Order and *California Labor Code* § 510, Defendants were required to compensate Plaintiff and Class Members as follows: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

66.     Defendants knew or should have known that Plaintiff and Class Members had worked overtime hours.

67.     Plaintiff and Class Members were not paid the overtime rate for any of the overtime hours worked.

68.     As a result, Plaintiff and Class Members are owed overtime pay, in addition to penalties, interest, costs and attorney's fees, as prayed for below.

### *Second Cause of Action*
### **Unpaid Wages**
### **(Cal. Labor Code sections 1197.1 and 1199, and applicable Wage Order)**
### **By Plaintiff, California Class Members, and California Company Vehicle Deduction Sub-Class Members Against Defendants**

69.     Plaintiff hereby incorporates all of the forgoing allegations set forth in Paragraphs 1 through 60 above by this reference as if set forth verbatim.

70.     In accordance with California *Labor Code* §§ 1197.1 and 1199, and the Wage

Order, Defendants are required to properly compensate employees for all hours worked.

71.     Defendants failed to properly pay Plaintiff and Class Members, in accordance with *California Labor Code* § 510, for "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek", "Any work in excess of 12 hours in one day", and "any work in excess of eight hours on any seventh day of a workweek".

72.     In addition, Defendants provided Plaintiff and Class Members company vehicles to use only for business use and wrongfully deducted between approximately $85 to $135 per month or more per month from Plaintiff and Class Members' paychecks, in violation of California Labor Code sections 221 and 224.

73.     As such, Plaintiff and Class Members are owed wages due, in addition to penalties, interest, costs and attorney's fees, as prayed for below.

### Third Cause of Action
### Waiting Time Penalties
### (Cal. Labor Code sections 201-203)
### By Plaintiff and California Waiting Time Sub-Class Members Against Defendants

74.     Plaintiff hereby incorporates all of the forgoing allegations set forth in Paragraphs 1 through 60 above by this reference as if set forth verbatim.

75.     Pursuant to California *Labor Code* §§ 201 through 203, Defendants are required to pay all wages owed to employees in a timely manner during the course of, and upon separation of, employment.

76.     Defendants failed to pay all wages owed to Plaintiff and Class Members in a timely manner during the course of, and upon separation of, their employment.

77.     As a result of Defendants' failure to pay all wages owed, Plaintiff and Class Members are entitled to waiting time penalties in accordance with California *Labor Code* § 203, as prayed for below.

### Fourth Cause of Action
### Failure to Provide Accurate Itemized Wage Statements
### (Cal. Labor Code sections 226(a))
### By Plaintiff and California Class Members Against Defendants

78.     Plaintiff hereby incorporates all of the forgoing allegations set forth in Paragraphs 1 through 60 above by this reference as if set forth verbatim.

79.     Within the last three years, Defendants, directly and by and through their owners, officers, directors, and managing agents, intentionally failed to provide Plaintiff and Class Members with accurate wage statements in violation of California Labor Code 226 because Defendants failed to list or itemize actual work time, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate, and failed to pay overtime.

80.     As a result, and in accordance with 226(e), Plaintiff and Class Members are owed "the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)", in addition to penalties, interest, costs and attorney's fees, as prayed for below.

### Fifth Cause of Action
**Willful Misclassification of Employees as Exempt Outside Sales Representatives or Managers**
**(Cal. Labor Code sections 226.8)**
**By Plaintiff and California Class Members Against Defendants**

81.     Plaintiff hereby incorporates all of the forgoing allegations set forth in Paragraphs 1 through 60 above by this reference as if set forth verbatim.

82.     Defendants intentionally and willfully characterized Plaintiff and Class Members as outside sales representatives or outside sales managers instead of employees in violation of Labor Code §226.8.

83.     Defendants have engaged in a pattern and practice of misclassifying employees as outside sales representatives or outside sales managers.

84.     As such, Plaintiff and Class Members are owed wages, in addition to penalties, interest, costs and attorney's fees, as prayed for below.

85.     Furthermore, pursuant to 226.8(c), Plaintiff and Class Members seek recovery of civil penalties "of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law."

### *Sixth Cause of Action*
### Unfair Business Practices
### (Cal. Bus. & Prof. Code section 17200, et seq.)
### By Plaintiff and California Class Members Against Defendants

86.     Plaintiff hereby incorporates all of the forgoing allegations set forth in Paragraphs 1 through 60 above by this reference as if set forth verbatim.

87.     The court has jurisdiction over this action pursuant to Business and Professions Code Section 17200 et seq., specifically Business and Professions Code Section 17203, which provides any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and Business and Professions Code Section 17204, which provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in a court of competent jurisdiction by any board, officer, person, corporation or association or by any person acting for the interests of itself, or its members and that has suffered an injury in fact and lost money or property as a result of defendant's conduct.

88.     Within the last four years, as a direct, proximate, and foreseeable result of defendants' wrongful conduct as alleged above, defendants' business acts or practices have caused injury to Plaintiff, Class Members, and the public; and Plaintiff and Class Members are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by defendants as a result of such business acts or practices.

### *Seventh Cause of Action*
### Violations of Fair Labor Standards Act
### (29 U.S.C. section 216(B))
### By Plaintiff and FLSA Class Members Against Defendants

89.     Plaintiff hereby incorporates all of the forgoing allegations set forth in Paragraphs 1 through 60 above by this reference as if set forth verbatim.

90.     At all times material herein, Plaintiff and Class Members have been entitled to

the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

91.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

92.     Defendants are subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

93.     Defendants violated the FLSA by failing to pay and properly calculate overtime. In carrying out these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by its employees. Defendants failed to compensate Plaintiff and the FLSA Class at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week. As such, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 207(a)(1).

94.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff and the FLSA Class.

95.     Plaintiff and the FLSA Class are victims of a uniform and company-wide compensation policy. Defendants are applying this uniform policy of illegally reducing or modifying recorded hours, including overtime to all outside sales representatives or managers employed statewide during the last three years.

96.     Plaintiff and the FLSA Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint.

97.     Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Class are entitled to recover an award of liquidated damages in an amount equal to the

amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did act with good faith and reasonable grounds in failing to pay overtime pay, Plaintiffs and the FLSA Class members are entitled to an award of pre-judgment interest at the applicable legal rate.

98.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the FLSA Class. Accordingly, Defendants are liable for compensatory damages pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

a) That the Court determine that this action may be maintained as a class action under Fed. R. Civ. P. 23;

b) That the Plaintiff be appointed as the representatives of the Classes;

c) That counsel for Plaintiff be appointed as Class and Sub-Classes Counsel;

d) That the Court find that Defendants have been in violation of applicable provisions of the California Labor Code by failing to pay each member of the proposed Classes for all hours worked;

e) That the Court find that Defendants have been in violation of applicable provisions of the California Labor Code §§510, 1194 et seq., and IWC Wage Order by failing to pay overtime wages to Plaintiff and members of the Class;

f)  That the Court find that Defendants have violated the recordkeeping provisions of California Labor Code §§ 1174 and 1174.5 as to Plaintiff and the Class;

g) That the Court find that Defendants have been in violation of California Labor Code § 226 by failing to timely furnish Plaintiff and members of the California Class with itemized

statements accurately showing the total hours worked, vacation benefits, bonus benefits, and wages earned by each of them during each pay period;

h) That the Court find that Defendants have been in violation of California Labor Code §§201 and 202 and therefore owe waiting time penalties under California Labor Code §203 for willful failure to pay all compensation owed at the time of termination of employment to Plaintiff and other formerly employed members of the Class;

i) That the Court find that Defendants have been in violation of California Labor Code §226.8 and therefore owe civil penalties under California Labor Code §226.8 and all damages proximately caused by Defendants' wrongful conduct of engaging in a pattern or practice of willfully misclassifying In-Home-Experts as exempt outside sales representatives;

j) That the Court find that Defendants have committed unfair and unlawful business practices, in violation of California Business and Professions Code §17200, et seq., by their violations of the Labor Code and Wage Orders as described above;

k) That the Court find that Defendants' violations of the California Labor Code described herein have been willful;

l) That the Court award to Plaintiff and the proposed Class and Sub-Class Members restitution for the amounts of unpaid wages, including interest thereon, liquidated damages and/or statutory penalties for failure to timely furnish accurate itemized wage statements, and waiting time and other statutory penalties in amounts subject to proof at trial;

m)    That Defendants be ordered and enjoined to pay restitution and penalties to Plaintiff and the proposed Classes Members due to Defendants' unlawful and/or unfair activities, pursuant to Business and Professions Code §§17200-17205;

n) That Defendants further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business and Professions Code §17200, pursuant to §17203;

o) That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code §§ 203, 225.5, 226, 1194, 1197, and 2804, Code of Civil Procedure § 1021.5, and/or other applicable law;

p) That the Court award any other relief this Court deems just, equitable, and proper; and

q) That the offending Defendants be ordered to refrain from retaliating against any Class Members who are current employees.

r)  Designation of this action as a collective action on behalf of the  proposed Class and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Class members opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA  claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b).

s)  A declaration that Defendants are financially responsible for notifying all Class Members of its alleged wage and hour violations.

t)  Designation of the HABBAS, NASSERI & ASSOCIATES, COSTANZO LAW FIRM, and CAMARENA LAW OFFICE, A.P.C. as  the attorneys representing the putative collective action Plaintiffs.

u)  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*

v)  An award of damages for overtime compensation due to Plaintiff and the Class, including liquidated damages, to be paid by Defendants;

w)  Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees.

x)  Pre-Judgment and post-Judgment interest, as provided by law.

y) Any and all other applicable statutory penalties, as provided by law; and

z) Any other and further relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all applicable claims.


DATED: May 14, 2020                          HABBAS, NASSERI & ASSOCIATES


                                                          /s/
                                        By:  _____
                                             Omar I. Habbas, Esq.
                                             Tarik R. Habbas, Esq.

CLASS-ACTION COMPLAINT FOR UNPAID WAGES AND PENALTIES

COSTANZO LAW FIRM

By: _____/s/_____
Lori J. Costanzo, Esq.


CAMARENA LAW OFFICE, A.P.C.

By: _____/s/_____
Ignascio G. Camarena II

CLASS-ACTION COMPLAINT FOR UNPAID WAGES AND PENALTIES